**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN TRIBBITT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16CV680 SNLJ |
| | ) | |
| SCOTT LAWRENCE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed as time-barred.

### Background

After trial, petitioner, John Tribbitt, was found guilty of two counts of possession with intent to distribute and one count of trafficking in the second degree. *See State v. Tribbitt*, Case No. 1122-CR00442-01(22nd Judicial Circuit, St. Louis City). On November 28, 2012, petitioner was sentenced to three, ten-year terms' of imprisonment in the Missouri Department of Corrections, to run concurrently. Petitioner did not file a direct appeal of his conviction and sentence until August 25, 2014. *See Missouri v. Tribbitt*, Case No. ED101937 (Mo.Ct.App. 2014).

On September 9, 2014, the Missouri Court of Appeals directed petitioner to show cause why his appeal shouldn't be dismissed as untimely, pointing out that his notice of appeal was filed more than eighteen months late. On October 24, 2014, the Missouri Court of Appeals dismissed petitioner's appeal as untimely. Although petitioner later moved to file a late notice of appeal, his

motion to do so was denied on November 24, 2014. *Id.* Petitioner failed to file any post-conviction remedies in state court.

However, petitioner did file a state habeas corpus petition, pursuant to Mo.S.Ct.R.91, on August 14, 2015, in Cole County Circuit Court, which was denied. *See Tribbitt v. Lawrence*, Case No. 15AC-CC00409 (19th Judicial Circuit, Cole County).[1]

### Discussion

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1]Petitioner appears to have filed a second Rule 91 state habeas in the Missouri Western District Court of Appeals on March 30, 2016. His motion was denied. *See Tribbitt v. Lawrence*, Case No. WD79540 (Mo.Ct.App.).

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not file a timely direct appeal, his judgment becomes final upon expiration of the time within which he may file a notice of appeal, or within ten (10) days of the date of his sentence. Mo.S.Ct.R.81.04. Accordingly, petitioner's judgment of conviction became final on approximately December 8, 2012.[2]

It was more than a year later that petitioner first filed his notice of his direct appeal, or approximately18 months later, as the Court of Appeals noted. Thus, by the time petitioner attempted to exhaust his state remedies, he was already too late to file his federal habeas corpus action in this Court.[3]

As such, when petitioner filed the present action in this Court on May 7, 2016, by dropping his petition in the prison mailing system, he was several years too late to file his federal habeas corpus petition.

As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

---

[2]A judgment becomes final in a criminal case when a sentence is entered. *See State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994).

[3]Although petitioner did file two state habeas corpus actions, pursuant to State Supreme Court Rule 91, purporting abandonment of counsel, he was not successful on the merits of his claims. However, the time petitioner pursued such arguments can be subject to tolling under Eighth Circuit caselaw if such an action is "properly filed." It matters not in this case, as petitioner's habeas was time-barred prior to the filing of his Rule 91 motions.

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this <u>16th</u> day of June, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE