UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN TRIBBITT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16CV680 SNLJ |
| | ) |
| SCOTT LAWRENCE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's response to the Order to Show Cause why the petition should not be dismissed as time-barred.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244.

**Background**

After trial, petitioner, John Tribbitt, was found guilty of two counts of possession with intent to distribute and one count of trafficking in the second degree. *See State v. Tribbitt*, Case No. 1122-CR00442-01(22nd Judicial Circuit, St. Louis City). On November 28, 2012, petitioner was sentenced to three, ten-year terms' of imprisonment in the Missouri Department of Corrections, to run concurrently. Petitioner did not file a direct appeal of his conviction and sentence until August 25, 2014. *See Missouri v. Tribbitt*, Case No. ED101937 (Mo.Ct.App. 2014).

On September 9, 2014, the Missouri Court of Appeals directed petitioner to show cause why his appeal shouldn't be dismissed as untimely, pointing out that his notice of appeal was filed

---

[1]On June 16, 2016, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

1

more than eighteen months late. On October 24, 2014, the Missouri Court of Appeals dismissed petitioner's appeal as untimely. Although petitioner later moved to file a late notice of appeal, his motion to do so was denied on November 24, 2014. *Id.* Petitioner failed to file any post-conviction remedies in state court.

However, petitioner did file a state habeas corpus petition, pursuant to Mo.S.Ct.R.91, on August 14, 2015, in Cole County Circuit Court, which was denied. *See Tribbitt v. Lawrence*, Case No. 15AC-CC00409 (19th Judicial Circuit, Cole County).[2]

## Discussion

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not file a timely direct appeal, his judgment becomes final upon expiration of the time within which he may file a notice of appeal, or within ten (10) days of the date of his sentence. Mo.S.Ct.R.81.04. Accordingly, petitioner's judgment of conviction became final on approximately December 8, 2012.[3]

It was more than a year later that petitioner first filed his notice of his direct appeal, or approximately 18 months later, as the Court of Appeals noted. Thus, by the time petitioner attempted to exhaust his state remedies, he was already too late to file his federal habeas corpus action in this Court.[4]

---

[2] Petitioner appears to have filed a second Rule 91 state habeas in the Missouri Western District Court of Appeals on March 30, 2016. His motion was denied. *See Tribbitt v. Lawrence*, Case No. WD79540 (Mo.Ct.App.).

[3] A judgment becomes final in a criminal case when a sentence is entered. *See State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994).

[4] Although petitioner did file two state habeas corpus actions, pursuant to State Supreme Court Rule 91, purporting abandonment of counsel, he was not successful on the merits of his claims. However, the time petitioner pursued such arguments can be subject to tolling under Eighth Circuit

In his response to the Order to Show Cause, petitioner asserts that he should be excused from the one-year statute of limitations because

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Petitioner asserts that his filing in this Court is more than three years too late because he was negligent in filing his notice of appeal from his conviction and sentence. Petitioner asserts that he believed his trial counsel was going to file the notice of appeal after the conclusion of his trial, and "once he realized the filing period had passed, [he] tried to file immediately. . . but there was no transcript in order to complete the filing."[5]

Petitioner has failed to show that he was diligently pursuing his rights and some extraordinary circumstance prevented him from presenting his claims to this Court in a timely

---

caselaw if such an action is "properly filed." It matters not in this case, as petitioner's habeas was time-barred prior to the filing of his Rule 91 motions.

[5] Petitioner's assertions relating to the abandonment of his post-trial counsel and his alleged failure to file a notice of appeal on his behalf have been addressed by the Missouri state courts and found to be lacking.

fashion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). First, it took petitioner at least 18 months to file a direct appeal of his conviction and sentence. Moreover, petitioner failed to file a motion for post-conviction relief from his sentence, pursing his alleged abandonment of trial counsel claim. Petitioner's failure to timely pursue his own direct appeal, as well as his failure to pursue any post-conviction arguments related to his trial counsel's abandonment, belies his assertions that he diligently pursued his rights.[6]

As petitioner has failed to give an equitable reason why his untimeliness should be excused, the Court must dismiss the petition under 28 U.S.C. § 2244.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

Dated this <u>5th</u> day of August, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Although petitioner did file two Rule 91 petitions relating to this matter, he did not do so until more than three years had passed after his final sentence.